UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KOOK HWAN CHO,

       Plaintiff,                                  MEMORANDUM & ORDER
    v.                                       04-CV-3371 (NGG) (SMG)

CHRIS KALLIAGAS,

       Defendant.

----------------------------------------------------------X

GARAUFIS, United States District Judge.

Before this court is an unopposed motion by Plaintiff Kook Hwan Cho ("Plaintiff"), which is styled as a motion "under rules 12(c), 56 and 57," (Pl.'s Mem. Supp. Mot. at 1) but which appears to be a motion for summary judgment for money damages and injunctive relief. For the reasons set forth below, the Plaintiff's motion is denied without prejudice to refile in a manner that complies with Federal Rule of Civil Procedure 56 and the local rules of this district.

**I.    FACTUAL BACKGROUND**

The following factual background is recited from the statement of facts in Plaintiff's brief supporting this motion. Plaintiff is a resident of New Jersey who on October 2, 2004 purchased for $73,600 the shares of a restaurant, Kalliagas Restaurant Corporation, owned by Defendant Chris Kalliagas ("Defendant"), who resides in Queens, New York. (Pl.'s Mem. Supp. Mot. at 1-2.) The Defendant in the sale agreement averred that "all taxes have been paid in full, except those sales taxes that have accrued and the return is not yet due." (Id. at 2.) Further, the agreement contained an indemnity agreement for Defendant to reimburse Plaintiff for failure by the landlord of the property where the restaurant was located to return the $6,000 security deposit

forwarded by Plaintiff, provided that Plaintiff kept current on rent payments. (Id. at 4.)

Unbeknownst to Plaintiff, before the sale Defendant "incurred various financial obligations including tax liabilities and vendor obligations which were unknown to [Plaintiff] and not disclosed to [Plaintiff]." (Id. at 1.) In fact, Defendant had been delinquent in making payments on behalf of the restaurant to New York State for tax liability in 2003, and in 2004 New York State levied $8,199.43 in an account held by the restaurant. (Id. at 3.) Further, also unknown to Plaintiff at the time of purchase, Defendant entered a settlement with the landlord in 2002 to pay $17,015 in rent arrears. (Id. at 5.)

By April 2004, when Plaintiff sold the restaurant, Plaintiff paid the following amounts on debts previously incurred on the restaurant: $6,648.66 to the landlord, and $778.94 to Broadway National Bank. (Id. at 5.) This suit ensued on August 6, 2004, claiming fraud and breach of contract, demanding monetary relief in the above amounts, reasonable attorneys fees, and compensatory damages for his loss of reputation to his bank and state and federal taxing authorities, and punitive damages. (Id. at 6-7.) After several hearings with Magistrate Judge Gold in which the parties unsuccessfully attempted to reach a settlement, and Defendant's failure to comply with discovery demands, Plaintiff filed the instant motion.[1]

## II. ANALYSIS

I note at the outset that Plaintiff's motion does not comply with the Local Rules of the Eastern District of New York. Local Rule 56.1 requires movants for summary judgment to

---

[1] Although Plaintiff did not request a pre-motion conference to make a dispositive motion as is the individual rule of this court, see Individual Rules of Judge Nicholas G. Garaufis III(A)(2), permission to move for summary judgment was granted by Magistrate Judge Gold on November 3, 2005.

submit, with the motion, a "*separate*, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." E.D.N.Y. Civ. R. 56.1(a) (emphasis supplied). Plaintiff did not submit his statement as a separate 56.1 statement, and this court could therefore deny this motion as having failed to comply with Local Rule 56.1. Id.

Of greater import for this court is that Plaintiff has not averred facts sufficient for this court to find that it has jurisdiction over this matter. The existence of subject matter jurisdiction, regardless of when considered, is determined as of the time of the filing of the complaint, see Scherer v. Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003), but jurisdictional issues are "not waivable and may be raised at any time by a party or by the court *sua sponte*." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003). In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of establishing a reasonable probability that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met. Scherer, 347 F.3d at 397.

As jurisdiction is alleged in this matter based upon the diversity of the parties, for Plaintiff to prevail on a summary judgment motion pursuant to Fed. R. Civ. P. 56, Plaintiff has the burden to show that there is no genuine issue of fact as to jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 in turn provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). While Plaintiff in his Complaint alleged jurisdiction under Section 1332, Defendant in his Answer denied that the controversy exceeds $75,000. (Complaint ¶ 1; Answer ¶ 1.) Plaintiff in this motion has claimed as sum certain

damages the loss of a $6,000 deposit, and an additional $6,648.66 to the landlord, and $778.94 in owed taxes levied from Broadway National Bank, for a total of approximately $13,400. (Pl.'s Mem. Supp. Mot. at 4-5.)

Plaintiff also claims that his cause of action for fraud entitles him to compensatory and punitive damages for loss of reputation, and liquidated damages; however, Plaintiff does not state any basis for this court to conclude that these claimed damages are meritorious under law or that the claimed damages in conjunction with sum certain damages meets the amount in controversy requirement in Section 1332. For example, a party cannot support an action in fraud where the damages claimed are the same as those recoverable under breach of contract. See, e.g., Sado v. Ellis, 882 F. Supp. 1401, 1407 (S.D.N.Y. 1995) (plaintiff claiming fraudulent inducement to enter contract is required to allege damages distinct from contract damages; contract damages cannot form basis of injury for fraud action). Under New York law, punitive damages are not normally recoverable for ordinary breach of contract claims because the purpose of such damages is to vindicate public rights, not to remedy private wrongs. See United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 160-61 (2d Cir. 1996); Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 711 (S.D.N.Y. 1996) (punitive damages not appropriate remedy in breach of contract cases); Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603, 612, 612 N.Y.S.2d 339, 342, 634 N.E.2d 940 (1994). Plaintiff's motion therefore fails to establish a reasonable probability that the approximately $13,400 in claimed owed payments to the landlord and state taxing agency along with other claimed damages approaches the Section 1332(a) amount in controversy requirement.

As Plaintiff has not established this court's jurisdiction over the matter, Plaintiff's motion

4

must be denied. However, this motion is denied without prejudice, to allow Plaintiff the opportunity to refile this motion within thirty (30) days in a manner that comports with the rules of this district, and that shows that there is no genuine issue of material fact regarding the amount in controversy. Should Plaintiff elect to refile his motion for summary judgment, Plaintiff's renewed motion shall be referred to Magistrate Judge Gold for a Report and Recommendation thereupon.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's motion is DENIED without prejudice.

SO ORDERED.

Dated: August __, 2006                                          /s/
       Brooklyn, N.Y.                                        Nicholas G. Garaufis
                                                        United States District Judge