**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**KOOK HWAN CHO,**

                                 **Plaintiff,**

                     -against-                         **REPORT AND**
                                                                       **RECOMMENDATION**
**CHRIS KALLIAGAS,**                                                              CV-04-3371(NGG)

                                 **Defendant.**
-------------------------------------------------------------------X
Gold, S., *United States Magistrate Judge*

## Introduction

      This action arises from the sale of a restaurant business by defendant, Chris Kalliagas ("Kalliagas" or "defendant"), to plaintiff, Kook Hwan Cho ("Cho" or "plaintiff"), in October 2003. Plaintiff alleges in his complaint that, in connection with the sale, defendant represented that "all taxes have been paid in full" and agreed to "hold [plaintiff] harmless from the payment of any debts and taxes." Compl. ¶¶ 8-9. As it turned out, the business did in fact owe taxes at the time of the sale. Plaintiff asserts claims for fraud and breach of contract in his complaint, and now seeks summary judgment. United States District Judge Garaufis has referred plaintiff's motion to me for report and recommendation. Docket Entry 13.

## Procedural Background

      Plaintiff first moved for summary judgment on December 1, 2005. Docket Entry 8. The Honorable Nicholas G. Garaufis denied the motion on the grounds that plaintiff failed to assert facts establishing subject matter jurisdiction. Docket Entry 13. More specifically, Judge Garaufis noted that plaintiff invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, but failed to allege facts or assert claims sufficient to meet the $75,000 amount-in-

controversy requirement. In fact, Judge Garaufis found that the amount at issue in this case appeared to be only $13,400. 2006 WL 2443668, at * 2 (E.D.N.Y. Aug. 22, 2006).

Although Judge Garaufis denied plaintiff's motion, he did so without prejudice, and afforded plaintiff the opportunity to renew his motion "in a manner that shows that there is no genuine issue of material fact regarding the amount in controversy." *Id.* at * 3. Plaintiff did in fact renew his motion, supported by a Supplemental Memorandum of Law, a Declaration of his counsel, and a Statement of Undisputed Material Facts. Docket Entries 17-19.

I held a series of conferences with the parties after plaintiff renewed his motion. Although the parties reached a settlement at least in part as a result of those conferences, they were unable to consummate their agreement successfully. Accordingly, defendant filed his opposition to plaintiff's motion. Docket Entry 39. Plaintiff has not submitted a reply. For the reasons stated below, I respectfully recommend that plaintiff's motion for summary judgment be denied, and that this case be dismissed for lack of subject matter jurisdiction.

**Facts**

The relevant facts are largely undisputed. Plaintiff purchased a forty-nine percent share in the Kalliagas Restaurant Corporation ("Kalliagas Corporation") at 205 West 29th Street, New York, New York, from defendant. Compl. ¶¶ 4-6; Plaintiff's Statement of Undisputed Material Facts ("Pl. Stmnt") ¶ 4. The purchase agreement contained an option to purchase the remaining fifty-one percent for $100.00 upon election. Compl. ¶ 6. Kalliagas executed a stock-transfer agreement, in which he represented that "the Shares contemplated to be sold to the Purchaser are fully paid and non-assessable, are free and clear of all liens and encumbrances . . . ." *See* Compl. ¶ 7. Kalliagas also executed an affidavit stating that "all taxes have been paid in full, except

2

those sales taxes that have accrued and the return is not yet due," Compl. ¶ 8, and an indemnification agreement stating, "I do hereby agree to save and hold Kook Hwan Cho harmless from the payment of any debts and taxes," Compl. ¶ 9. The indemnification agreement further provided that, "[i]n the event the Landlord . . . refuses to return the security deposit to Kook Hwan Cho at the termination of this lease, the undersigned agrees to indemnify Mr. Cho and return the security deposit of Six Thousand ($6,000.00) to him, if Mr. Cho is current in his obligations . . . ." Pl. Stmnt. Ex. 3. Kalliagas also executed a supplemental agreement renouncing any rights to the remaining fifty-one per cent of the shares in Kalliagas Corporation, and reiterating that defendant would hold plaintiff "harmless from and against all debts, taxes, claims and any and all obligations and liabilities, including reasonable attorney's fees . . . ." Compl. ¶ 10; Pl. Stmnt.Ex. 4.

Shortly after the transaction, Kalliagas received notices of tax delinquencies from state and federal tax authorities. In November of 2003, the New York State Department of Taxation and Finance informed Kalliagas that he owed approximately $8,500 in back taxes. Pl. Stmnt. Ex. 5. In December of 2003, the Internal Revenue Service informed Kalliagas of a delinquency of approximately $295. Pl. Stmnt. Ex. 6. In addition, when the lease between Kalliagas Corporation and the landlord was terminated, the landlord did not return the corporation's $6,000 security deposit. Pl. Stmnt. ¶ 19.

Cho sold the assets of Kalliagas Corporation to a third party, Swagat Indian Restaurant, Inc., in March or April of 2004, several months before this action was commenced. Compl. ¶ 14; Pl. Stmnt. ¶¶ 12, 18. Plaintiff obtained a higher price for the business than he had paid for his stock. Pl. Letter dated July 9, 2007 (Docket Entry 36).

Plaintiff's Complaint and Statement of Undisputed Material Facts repeatedly assert that defendant's sale of stock to plaintiff took place on October 2, 2004. However, the relevant documents, including the purchase agreement, indemnity agreement, and representation that all taxes had been paid – all submitted by plaintiff as exhibits to his Statement of Undisputed Material Facts – not to mention plaintiff's sale of the business in March or April of 2004, demonstrate that, in fact, the transaction took place, and the relevant representations by defendant were made, on October 2, 2003. As will be discussed below, this difference in dates is relevant to the pending summary judgment motion.

**Discussion**

*1) Standard Governing Motions for Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). An issue of fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991). In reaching a summary judgment determination, the court must resolve ambiguities and draw reasonable inferences in favor of the nonmoving party. *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162,167 (2d Cir. 1991).

The moving party bears the initial burden of establishing that there are no genuine issues of material fact; once he does so, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory

allegations, however, are insufficient and "[t]here must be more than a 'scintilla of evidence'" to defeat a motion for summary judgment. *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).

Plaintiff's complaint alleges two causes of action: one for breach of contract and one for fraud. For the reasons stated below, the allegations in the complaint fail to establish a claim for fraud, and do not meet the amount-in-controversy threshold for diversity jurisdiction.

*2) Fraud Claim*

Plaintiff has failed to establish that he is entitled to summary judgment on his fraud claim. Plaintiff's fraud claim is premised on the allegation that defendant made false representations in the stock transfer agreement and accompanying documents. Plaintiff alleges in his complaint that:

> [The] defendant made statements concerning his company's financial and legal condition, as it related to the stock transfer to plaintiff in October 2003. Defendant knew his statements were false and made the false statements with intent to deceive plaintiff. . . . Had defendant disclosed the true state of his financial and legal obligations, plaintiff would not have paid almost $74,000 for the stock rights . . . ."

Compl. ¶¶ 19-21. Defendant denied these allegations in his answer to the complaint. Answer ¶¶ 13-15. In support of his motion for summary judgment, plaintiff offers no evidence of defendant's knowledge, but instead simply states "that the defendant had a duty to disclose, and that he failed to disclose, is hardly debatable." Pl.'s Br. Summ. J., Docket Entry 20, at 15. Plaintiff's supplemental memorandum, Docket Entry 17, does not discuss the fraud claim.

Although styled simply as a claim of fraud, the allegations of the complaint are best described as stating a claim for fraudulent inducement. Under New York law, a plaintiff "must

prove the following elements of fraudulent inducement: misrepresentation of a material fact, falsity, scienter, reliance and injury." *Sado v. Ellis*, 882 F. Supp. 1401, 1405 (S.D.N.Y. 1995) (*citing Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N.Y.2d 403, 406-07, 176 N.Y.S.2d 259, 261 (1958); *Browning Ave. Realty v. Rubin*, 207 A.D.2d 263, 615 N.Y.S.2d 360, 363 (1st Dep't 1994)); *see also Colavito v. New York Organ Donor Network, Inc.*, 356 F. Supp. 2d 237, 241 (E.D.N.Y. 2005) (*citing Cohen v. Houseconnect Realty Corp.*, 289 A.D.2d 277, 734 N.Y.S.2d 205, 206 (2d Dep't 2001)). "These elements must be established by clear and convincing evidence . . . and failure to prove any of the elements will nullify the claim." *Sado*, 882 F. Supp. at 1405.

Plaintiff has established that, at the time the contract for the sale of the restaurant was formed, Kalliagas represented that all taxes had been paid in full. Pl. Stmnt. ¶ 6 and Ex. 2. Plaintiff has also established – by presenting tax notices dated November 24, 2003 from New York State Department of Taxation and Finance and December 1, 2003 from the United States Internal Revenue Service – that, in fact, the business owed state and federal taxes at the time the contract was executed. Pl. Stmnt. ¶¶ 9-10 and Exs. 5-6. Plaintiff, however, has failed to establish that Kalliagas *knew* of the tax liabilities at the time the contract documents were executed. By representing in his papers that the contract was executed in October 2004[1] – after the state and federal tax notices were issued – plaintiff implicitly suggests that defendant must have known of his tax liabilities when he represented that he had none. However, as explained

---

[1]Plaintiff repeatedly alleges in his complaint that the transaction at issue took place on October 2, 2004. Compl. ¶¶ 6-10. Plaintiff also inaccurately asserts the transaction took place in 2004 in his Statement of Undisputed Material Facts, Docket Entry 19, ¶¶ 4-8, and in his original Memorandum of Law, Docket Entry 20, at 1-2.

above, it is clear that plaintiff's papers misstate the date of the transaction, which in fact took place in October of 2003, *before* either of the tax notices were issued. Under these circumstances, and because plaintiff has failed to adduce any other evidence of defendant's knowledge, plaintiff's motion for summary judgment on his fraudulent inducement claim should be denied for lack of proof of scienter.

### 3) *Amount in Controversy*

Plaintiff's motion for summary judgment also fails because he has not established that there is no genuine issue of material fact regarding the amount-in-controversy threshold. Although plaintiff's failure to establish his entitlement to summary judgment would not warrant dismissal if this court had subject matter jurisdiction, plaintiff's failure to establish the requisite amount in controversy demonstrates that this court lacks subject matter jurisdiction and that the action should be dismissed.

#### *a) Breach of Contract*

As discussed above, Judge Garaufis denied plaintiff's original motion for summary judgment because plaintiff failed to allege facts giving rise to subject matter jurisdiction. 2006 WL 2443668, at * 2. After reviewing plaintiff's evidence, Judge Garaufis concluded that plaintiff claimed only approximately $13,400 in contract damages. *Id.* Judge Garaufis recognized that plaintiff claimed he was entitled to additional damages for fraud, but pointed out that plaintiff failed to present any basis for the award of additional damages. *Id.* Accordingly, when he denied plaintiff's motion without prejudice, Judge Garaufis invited refiling only with supporting evidence "that shows that there is no genuine issue of material fact regarding the amount in controversy." *Id.* at *3.

Plaintiff has not submitted any additional evidence of contract damages in support of his renewed motion for summary judgment. Instead, plaintiff has refiled his original memorandum of law and supporting affidavit. *Compare* Docket Entries 9 and 10 *with* Docket Entries 18 and 20. Although plaintiff has also submitted a supplemental memorandum of law and a statement of undisputed material facts that were not before the court in connection with his original motion, Docket Entries 17 and 19, neither presents any new evidence of damages. Accordingly, plaintiff has failed to provide any basis for revisiting Judge Garaufis' conclusion that he sustained only approximately $13,400 in contract damages.

### b) Fraud

Plaintiff has similarly failed to establish that the damages he would be entitled to recover on his claim of fraudulent inducement could possibly meet the required threshold for the amount in controversy, even assuming a finding in his favor on liability. To the contrary, plaintiff's new submissions contain no legal argument or evidentiary support addressed to the deficiencies noted by Judge Garaufis when he denied plaintiff's first motion for summary judgment. Instead, plaintiff's supplemental memorandum simply states, in conclusory fashion, that his complaint "alleges that the amount in controversy exceeds the sum of $75,000," and that he "has pleaded facts warranting damages and punitive damages in a transaction." Docket Entry 17 at 2. Although plaintiff further asserts in his supplemental memorandum that he sold the business for more than $75,000 and has been unable to provide good title, he never contends that the sale of the business was not consummated or that he was not paid by Swagat Indian Restaurant, Inc., the entity that purchased the restaurant from him in 2004.

A plaintiff who asserts claims for both fraudulent inducement and breach of contract "is required to allege damages distinct from contract damages" in order to recover on his fraud claim. *Sado*, 882 F. Supp. at 1407. *See also VTech Holdings v. Lucent Technologies, Inc.,* 172 F. Supp. 2d 435, 440 (S.D.N.Y. 2001) ("[P]art of the rationale for striking duplicative fraud claims is that there is ordinarily no difference between contract damages for nonperformance and fraud damages."); *Lovely Peoples Fashion*, 1998 WL 422482, at *9-*10 (noting that a party may not sustain a claim for fraud where the damages claimed are the same as those recoverable under a breach of contract claim, and finding that, even if plaintiffs were able to demonstrate that defendants' misrepresentation was both fraudulent and extraneous to the contract, their fraud claim would fail because they did not establish that they suffered direct damages on their fraud claim that were distinct from the direct damages stemming from the breach of contract); *Alter v. Bogoricin*, No. 97cv0662, 1997 WL 691332, at *9 (S.D.N.Y. Nov.6, 1997) (dismissing a fraudulent inducement claim where plaintiff did not identify damages separate from those recoverable under his breach of contract claim); *R.H. Damon & Co. v. Softkey Software Products Inc.*, 811 F. Supp. 986, 992 (S.D.N.Y.1993) (noting that a fraud claim is not separately maintainable where plaintiff does not "allege that he sustained damages in addition to those he could have anticipated in the event of a breach"); *Tesoro Petroleum v. Holborn Oil*, 108 A.D.2d 607, 607, 484 N.Y.S.2d 834, 835 (1st Dep't 1985) (noting that a plaintiff asserting fraud is required to allege damages distinct from contract damages).

Here, plaintiff has failed to identify any damages he incurred as a result of defendant's alleged fraudulent inducement other than the breach of contract damages specified in Judge Garaufis' decision. Plaintiff's failure in this regard is not surprising; as noted above, plaintiff

9

sold the restaurant business at issue even before he filed this action, and for a price higher than what he paid to defendant for his stock. Plaintiff's inability to identify recoverable damages that would meet the diversity jurisdiction threshold is particularly telling in light of Judge Garaufis' direction that plaintiff might renew his motion only by showing "that there is no genuine issue of material fact regarding the amount in controversy." Plaintiff's failure to do so, even in the face of Judge Garaufis' decision, demonstrates that he is unable to point to any facts sufficient to establish this court's subject matter jurisdiction. This action should therefore be dismissed.

## Conclusion

For all the reasons stated above, I respectfully recommend that plaintiff's motion for summary judgment be denied. I further recommend that this action be dismissed for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within ten days of this Report and in any event no later than March 28, 2008. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
March 14, 2008

U:\ASB 2007-2008\Cho v. Kalliagas\Cho v. Kalliagas031208-2.wpd